IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-60099

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EXDONOVAN PEAK,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:96-CR-36-GR)

March 2, 1998

Before DAVIS, WIENER, and PARKER, Circuit Judges.

Per Curiam:[*]

In this direct criminal appeal, defendant-appellant Exdonovan
Peak complains that his Sixth Amendment right to counsel was
violated when the district court failed to ensure adequately that
Peak's waiver of his right to conflict-free representation was

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowing, voluntary, and intelligent.  In addition, Peak claims that the district court erred in conducting voir dire in a manner that would ensure that no juror would be prejudiced against Peak by virtue of the pending indictment of Peak's attorney and in failing to question individual jurors after the court dismissed a juror for a conflict.  Peak further asserts that his conviction should be overturned because of the prosecutor allegedly induced Peak to testify as to the veracity of other witnesses and engaged in impermissible expression of personal opinions during closing argument.  Regarding his sentence, Peak asserts error on the part of the district court in its determination of the quantity of drugs involved and in its imposition of a fine.

We have carefully studied the facts as revealed in the briefs of counsel and in pertinent parts of the record of the proceedings in the district court, and we have heard and well-considered the excellent arguments and explanations by counsel during oral argument and in their briefs to this court, as a result of which we are convinced that the district court committed no reversible error in the conduct of the trial or in the imposition of sentence.  Our comfort in these conclusions rests in large part on, inter alia, Peak's age, education and sophistication, and in his presence in the community where his counsel practiced law and participated in public life; by Peak's obvious understanding of the colloquy with the district court regarding conflict-free representation; by the district court's careful voir dire which, of necessity, treaded the

narrow path between, on the one hand, making inquiries of potential jury members sufficient to determine which of them knew defense counsel and whether their knowledge would affect their ability to give defendant a fair trial, and, on the other hand, avoiding utterances about defense counsel that might prejudice the jurors against the defendant because of his counsel's criminal indictment; and by the manner in which the district court determined that the dismissed juror had not discussed his conflict with any of the other jurors. And, although we continue to be seriously concerned with the apparent disregard by some of the prosecutors in the office of the United States Attorney for the Southern District of Mississippi of those admonitions we have given previously for misconduct in the manner with which they proceed in criminal prosecutions —— and we again caution counsel that such antics may in the future lead to reversal of convictions and other sanctions —— any errors along that line in the instant prosecution clearly fall short of the degree of egregiousness required to justify reversal. Finally, there appears to be sufficient evidence to support the court's findings regarding the quantity of drugs involved and the imposition of the fine levied. Our examination of the presentence  investigation report does not support the contention of appellate counsel for Peak regarding the impropriety of imposing a fine, Peak's eventual ability to pay, or any recommended amount of fine.

For the foregoing reasons, Peak's conviction and sentence are,

3

in all respects,

AFFIRMED.